IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GREG DEJESUS,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Case No. _____<br>) |
| MIDWEST METALS, LLC d/b/a<br>MIDWEST METAL FINISHING,<br>    Defendant. | )   JURY DEMANDED<br>)<br>) |

## COMPLAINT

Plaintiff Greg DeJesus, for Count I of this Complaint against Midwest Metals, LLC d/b/a Midwest Metal Finishing, states as follows:

### Count I – Title VII

1. Plaintiff Greg DeJesus is a resident of Franklin County, Missouri, within the Eastern District of Missouri.

2. Defendant Midwest Metals, LLC d/b/a Midwest Metal Finishing is a Missouri limited liability company with its principal place of business located within the Eastern District of Missouri.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 because this cause is premised on Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended ("Title VII") and 42 U.S.C. 1981, as amended ("§ 1981").

4. Venue lies within this Court pursuant to 28 U.S.C. 1391 because Defendant is located within the Eastern District of Missouri.

5. Defendant employed Plaintiff from approximately November 1, 2005 through September 2, 2008.

6. Defendant has fifteen or more employees within and therefore is subject to the provisions of Title VII.

7. Plaintiff is of Hispanic origin and thus is a member of a protected class because of his race and color.

8. Plaintiff was perceived to have a national origin other than that of a United States citizen is thus a member of a protected class.

9. Plaintiff performed adequately at his job.

10. Plaintiff's co-workers directed derogatory racial and national origin statements at Plaintiff, and Plaintiff was thus subjected to a hostile work environment.

11. Plaintiff complained to the owners of Defendant about the derogatory statements, but the owners did nothing to stop them.

12. Plaintiff was discharged from his employment on or about September 2, 2008.

13. Plaintiff was subject to disparate treatment in that he was disciplined and discharged for actions that similarly situated non-Hispanic employees did without getting disciplined or discharged.

14. Plaintiff was terminated after opposing Defendant's discriminatory practices when similarly situated employees did not oppose such actions and were not discharged.

15. Plaintiff's race, color and/or perceived national origin were motivating factors in his termination.

16. Plaintiff was replaced by someone who was not of Plaintiff's race, color or perceived national origin.

17. The person who discharged Plaintiff acted within the scope and course of his employment when he terminated Plaintiff.

18. Defendant acted willfully, wantonly, and with malice in terminating Plaintiff's employment.

19. Such termination was in violation of Title VII.

20. As a direct and proximate result of his discharge, Plaintiff has been damaged.

21. Reinstatement of Plaintiff would be inappropriate under the circumstances.

22. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of his termination.

23. Plaintiff exhausted the administrative remedies available to him, and this suit is being brought pursuant to Title VII.

24. On July 16, 2009, the EEOC issued a Notice of Right to Sue, a copy of which is attached hereto as Exhibit A.

25. Plaintiff filed this cause within 90 days of receipt of the Notice of Right to Sue.

WHEREFORE, for the reasons stated above, Plaintiff prays that this Court grant judgment for Plaintiff and against Defendant in an amount to be determined at trial, for

compensatory damages, humiliation and emotional distress, back pay, benefits, front pay, attorney fees, expenses, costs, punitive damages, and such other and further relief as this Court deems just and proper.

Plaintiff, for his Count II of this Complaint, states as follows:

### Count II – 42 U.S.C. 1981

1 – 5.   Plaintiff realleges and incorporates by reference paragraphs 1 – 5 of Count I as paragraphs 1-5 of this Count II.

6.   Plaintiff is of Hispanic origin and thus is a member of a protected class because of his race and color.

7.   Plaintiff performed satisfactorily at his job and met Defendant's legitimate expectations.

8.   Plaintiff's co-workers directed derogatory racial and color statements at Plaintiff, and Plaintiff was thus subjected to a hostile work environment.

9.   Plaintiff complained to the owners of the company about the derogatory statements, but the owners did nothing to stop them.

10.   Plaintiff was discharged from his employment on or about September 2, 2008.

11.   Plaintiff was subject to disparate treatment in that he was disciplined and discharged for actions that similarly situated non-Hispanic employees did without getting disciplined or discharged.

12.   Plaintiff was terminated after opposing Defendant's discriminatory practices when similarly situated employees did not oppose such actions and were not discharged.

13.   Plaintiff's race and/or color were motivating factors in his termination.

14.   Plaintiff was replaced by someone who was not of Plaintiff's race or color.

15.   The person who discharged Plaintiff acted within the scope and course of his employment when he terminated Plaintiff.

16.   Defendant acted willfully, wantonly, and with malice in terminating Plaintiff's employment.

17.   Such termination was in violation of §1981.

18.   As a direct and proximate result of his discharge, Plaintiff has been damaged.

19.     Reinstatement of Plaintiff would be inappropriate under the circumstances.

WHEREFORE, for the reasons stated above, Plaintiff prays that this Court grant judgment for Plaintiff and against Defendant in an amount to be determined at trial, for compensatory damages, humiliation and emotional distress, back pay, benefits, front pay, attorney fees, expenses, costs, punitive damages, and such other and further relief as this Court deems just and proper.

By: __/s/ SHELLEY L. WOODWARD__
Shelley L. Woodward #122226
Woodward Law Firm, L.L.C.
609 W. Main St.
Cuba, Missouri 65453
573/885-6474 telephone
573/885-6473 facsimile
woodwardlaw@charterinternet.com